# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Fifth Third Bank, National Association | |
| Plaintiff, | Case No. 1:23-cv-05219 |
| v. | Hon. Jeremy C. Daniel, Judge |
| John Galt Group LLC and Ion Mura, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## DEFENDANTS JOHN GALT GROUP LLC AND ION MURA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S COMPLAINT

Defendants John Galt Group LLC and Ion Mura, by counsel, hereby respectfully submit their answers and defenses to Plaintiff's Complaint.

**COMPLAINT NO. 1:**

1. **Fifth Third Bank, National Association is a national banking association organized under the laws of the United States, incorporated in Ohio, and with its main office in Cincinnati, Ohio. Accordingly, Plaintiff is a citizen of the State of Ohio and is not considered a citizen of the State of Illinois for the purposes of 28 U.S.C. § 1332.**

**ANSWER:**

Denied for lack of sufficient knowledge and information.

**COMPLAINT NO. 2:**

2. **Ion Mura ("Guarantor") is an individual and a citizen of the state of Illinois.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 3:**

3.      **John Galt Group LLC ("Borrower") is an Illinois domestic limited liability corporation with its principal place of business in Glen Ellyn, Illinois. Ion Mura is the sole member of Borrower and is a citizen of the state of Illinois.**

**ANSWER:**

Admitted.

## JURISDICTION AND VENUE

**COMPLAINT NO. 4:**

4.      **This Court has original subject matter jurisdiction in this action under 28 U.S.C. § 1332 because the matter in controversy is between citizens of different states, and the damages claimed exceed $75,000, exclusive of interest and cost.**

**ANSWER:**

Denied for lack of sufficient knowledge and information.

**COMPLAINT NO. 5:**

5.      **Venue in this action is proper in this District under 28 U.S.C. § 1391(b).**

**ANSWER:**

Admitted only that if subject matter jurisdiction is proper in this Court, then venue is also proper here.

## FACTUAL BACKGROUND

**COMPLAINT NO. 6:**

6.      **On April 1, 2022, Borrower executed a Promissory Note in favor of Plaintiff in the original sum of ONE MILLION DOLLARS AND NO/100 ($1,000,000.00) (the "Note"). A true and correct copy of the Note is attached as "Exhibit A."**

**ANSWER:**

Admitted.

**COMPLAINT NO. 7:**

    7.    **To induce Plaintiff to make financial accommodations, including the making of loans or extending or continuing credit in favor of Borrower, Guarantor executed a Commercial Guaranty (the "Guaranty") under which he absolutely and unconditionally guaranteed to Plaintiff the performance and full payment of all of Borrower's liabilities to Plaintiff. A true and correct copy of the Guaranty is attached hereto as "Exhibit B."**

**ANSWER:**

Admitted only that the Guaranty is signed and is the best evidence of its own contents and legal effect.

**COMPLAINT NO. 8:**

    8.    **Plaintiff is the owner of the loan documents described herein (collectively, the "Loan Documents"), has performed all its obligations to be performed under the same, and has issued all necessary pre-suit demands, if any.**

**ANSWER:**

Denied. Plaintiff wrongly refused to renew and renegotiate in good faith an extension of Defendants' line of credit.

**COUNT I**
**BREACH OF NOTE: JOHN GALT GROUP LLC**

**COMPLAINT NO. 9:**

    9.    **Plaintiff reincorporates the allegations of paragraphs 1 - 8 of its Complaint as though fully set forth herein.**

**ANSWER:**

Defendants incorporate by reference their Answers to all prior Paragraphs to Plaintiff's Complaint.

**COMPLAINT NO. 10:**

10. **Pursuant to the terms of the Note, Borrower agreed to pay all principal, interest, fees, and all other amounts due under the Loan Documents, if any, on or before June 1, 2023 (the "Maturity Date").**

**ANSWER:**

Denied. Plaintiff wrongly refused to renew and renegotiate in good faith an extension of Defendants' line of credit.

**COMPLAINT NO. 11:**

11. **Borrower failed to honor its obligations under the Note by failing to pay all principal, interest, fees, and all other amounts due under the Loan Documents on or before the Maturity Date.**

**ANSWER:**

Denied. Plaintiff wrongly refused to renew and renegotiate in good faith an extension of Defendants' line of credit.

**COMPLAINT NO. 12:**

12. **Plaintiff issued any required demands under the Note; however, Borrower failed and refused to fulfill its obligations under the Note.**

**ANSWER:**

Denied. Plaintiff wrongly refused to renew and renegotiate in good faith an extension of Defendants' line of credit.

**COMPLAINT NO. 13:**

13. **As a result of Borrower's default, as described herein, all sums evidenced by the Note are now due and owing, including, as of August 4, 2023, a principal sum of $970,000.00 and accrued interest of $16,011.74, plus all accruing interest and attorneys' fees and costs incurrent in protecting and enforcing Plaintiff's rights under the Loan Documents. Interest under the Note continues to accrue at $255.98 per day.**

4

**ANSWER:**

Denied.

**COMPLAINT:**

> **WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court to enter judgment in its favor and against John Galt Group LLC in the amount of $986,011.74, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Plaintiff's rights under the Loan Documents and to grant such further or other relief as this Court deems equitable.**

**ANSWER:**

Admitted only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

## COUNT II
## BREACH OF GUARANTY: ION MURA

**COMPLAINT NO. 14:**

> 14. **Plaintiff reincorporates the allegations of paragraphs 1 - 13 of its Complaint as though fully set forth herein.**

**ANSWER:**

Defendants incorporate by reference their Answers to all prior Paragraphs to Plaintiff's Complaint.

**COMPLAINT NO. 15:**

> 15. **To induce Plaintiff to make financial accommodations, including the making of loans or extending or continuing credit in favor of Borrower, including but not necessarily limited to the Note, Guarantor executed the Guaranty under which he absolutely and unconditionally guaranteed to Plaintiff the performance and full payment of all of Borrower's liabilities to Plaintiff.**

**ANSWER:**

Admitted only that the Guaranty was signed and is the best evidence of its own contents. Otherwise, denied.

**COMPLAINT NO. 16:**

16. As a result of Borrower's default on the Note, pursuant to the Guaranty, Guarantor is liable to Plaintiff for all sums evidenced by the Note, including, as of August 4, 2023, a principal sum of $970,000.00 and accrued interest of $16,011.74, plus all accruing interest and attorneys' fees and costs incurrent in protecting and enforcing Plaintiff's rights under the Loan Documents. Interest under the Note continues to accrue at $255.98 per day.

**ANSWER:**

Denied.

**COMPLAINT:**

WHEREFORE, Fifth Third Bank, National Association respectfully requests this Court to enter judgment in its favor and against Ion Mura in the amount of $986,011.74, plus all accruing interest and attorneys' fees and costs incurred in protecting and enforcing Plaintiff's rights under the Loan Documents and to grant such further or other relief as this Court deems just and equitable.

**ANSWER:**

Admitted only that Plaintiff seeks the specified relief. Denied that Plaintiff is entitled to the specified relief or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. **Failure to Account for Payments Made.**

Plaintiff's Complaint fails to credit or account for all payments made by Defendants.

2. **Prior Material Breach/Frustration of Purpose/Prevention of Performance.**

Defendants' performance or failure to perform is excused and discharged by Plaintiff's prior material breaches, frustration of the purpose of the contracts, and prevention of Defendants from being able to perform the contract(s).

3. **Set-Off and Recoupment.**

Defendants are entitled to set-off against any damages to Plaintiff and to recoup from Plaintiff the damages caused to Defendants by Plaintiff's false and misleading defamation and disparagement, which also constitutes a breach of the implied covenant of good faith and fair dealing.

4. **Unclean Hands.**

Plaintiff's claims are or may be barred by its unclean hands.

5. **Laches, Waiver and Estoppel.**

Plaintiff's claims and damages are or may be barred by its own delays.

6. **Statutes of Limitation and Repose.**

Plaintiff's claims are or may be barred by the relevant statutes of limitation and repose, or by the relevant contractual claim deadlines.

7. **Failure To Mitigate Damages.**

Plaintiff has failed to mitigate its damages by, *inter alia*, reasonably negotiating renewing and reviewing Defendants' refinancing and extension requests.

**DEMAND FOR JURY TRIAL**

Defendants demand trial by jury on all claims, issues and defenses so triable.

Respectfully Submitted This 14th Day of September, 2023:

JOHN GALT GROUP LLC

ION MURA


By: __/s/ Michael J. Greco_____
        Counsel

Michael J. Greco Attorney at Law
175 W. Jackson Blvd. Suite 240
Chicago, Illinois   60604
Tel: (312) 222-0599
Fax: (312) 922-1794
Email: michaelgreco18@yahoo.com
*Counsel for Defendants, John Galt Group LLC and Ion Mura*



By: __/s/ Michael C. Whitticar___
        Counsel

Michael C. Whitticar (VSB No. 32968)
155 Broadview Avenue, Suite 200
Warrenton, VA
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Counsel for Defendants, John Galt Group LLC and Ion Mura*
*Pro Hac Vice* Planned

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th Day of September, 2023, the foregoing Answer and Defenses to Plaintiff's Complaint was filed with the Court's CM/ECF system and served on the following counsel of record by email:

Alexander N. Wright, Atty. No. 6314304
222 West Adams Street, Suite 3400
Chicago, Illinois 60606
(312) 837-4322
Alexander.Wright@Dinsmore.com
*Counsel for Plaintiff, Fifth Third Bank, National Association*

/s/ Michael J. Greco
Michael J. Greco