IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | No. 23 CV 5219 |
| v. | ) ) | Judge Jeffrey I. Cummings |
| JOHN GALT GROUP LLC and ION MURA, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fifth Third Bank, National Association ("Fifth Third") brings this diversity action against defendants John Galt Group LLC and Ion Mura (collectively "defendants") for breach of a promissory note executed between the parties on April 1, 2022. Currently before the Court is Fifth Third's motion for summary judgment, (Dckt. #33), and the parties' related filings.[1] For the reasons set forth below, plaintiff's motion for summary judgment, (Dckt. #33), is granted.

I.  **LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the moving party shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), *quoting* Fed.R.Civ.P. 56(c); *see* Fed.R.Civ.P. 56(a); *see also Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016

---

[1] The filings related to plaintiff's motion for summary judgment include plaintiff's motion, (Dckt. #33), memorandum in support, (Dckt. #33-1), and plaintiff's Local Rule 56.1 statement of material facts ("PSOF"), (Dckt. #33-2); defendants' response memorandum, (Dckt. #40), and response to plaintiff's statement of facts, (Dckt. #40-1); the parties' stipulation correcting a portion of defendants' response, (Dckt. #44); and plaintiff's reply memorandum, (Dckt. #45).

(7th Cir. 2016). "A genuine dispute is present if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might bear on the outcome of the case." *Wayland v. OSF Healthcare Sys.*, 94 F.4th 654, 657 (7th Cir. 2024); *FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 584 (7th Cir. 2021) (the existence of a factual dispute between the parties will not preclude summary judgment *unless* it is a genuine dispute as to a material fact); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004) (issues of material fact are material if they are outcome determinative).

When the moving party has met that burden, the non-moving party cannot rely on mere conclusions and allegations to concoct factual issues. *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003). Instead, it must "marshal and present the court with the evidence [it] contends will prove [its] case." *Goodman v. Nat. Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010); *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 704 (7th Cir. 2009). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not suffice; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248. Ultimately, summary judgment is granted only if "no reasonable trier of fact could find in favor of the non-moving party." *Hoppe v. Lewis Univ.*, 692 F.3d 833, 838 (7th Cir. 2012) (quotations and citation omitted).

II.     FACTUAL RECORD

The following facts are undisputed unless otherwise noted. Fifth Third is a national banking association organized under the laws of the United States, incorporated in Ohio, with its main office in Cincinnati, Ohio. (PSOF ¶1). Defendant Ion Mura ("Mura") is an individual and a citizen of the state of Illinois. (*Id*. ¶2). Defendant John Galt Group LLC is an Illinois limited liability company with its principal place of business in Glen Ellyn, Illinois. (*Id*. ¶3). Mura is the sole member of John Galt Group. (*Id*.).

2

On April 1, 2022, John Galt Group (or, the "Borrower") executed a promissory note (the "Note") in favor of Fifth Third in the original sum of one million dollars ($1,000,000.00). (*Id.* ¶7; Dckt. #32-2 at 9-11). The Note provided in relevant part as follows:

> **PROMISE TO PAY.** John Galt Group LLC ("Borrower") promises to pay to Fifth Third Bank, National Association ("Lender") . . . the principal amount of One Million & 00/100 Dollars . . . together with interest on the unpaid outstanding principal balance of each advance . . .
>
> **PAYMENT.** Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on June 1, 2023. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning April 15, 2022, with all subsequent interest payments to be due on the same day of each month after that.
>
> . . .
>
> **LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.
>
> . . .
>
> **DEFAULT.** Each of the following shall constitute an event of default . . . under this Note:
>
>> **Payment Default.** Borrower fails to make any payment when due under this note.

(Dckt. #33-2 at 9-11).[2]

According to Fifth Third's statement of facts, in order to "induce Fifth Third to enter the Note," Mura also executed a guaranty (the "Guaranty"), "under which he absolutely and unconditionally guaranteed full and prompt payment of all of [John Galt Group's] liabilities to

---

[2] Based on the language of the Note itself, the Note was a renewal of a prior note dated March 15, 2021. (Dckt. #33-2 at 11). Moreover, according to the declaration of defendant Mura, he has been "a client of Fifth Third, by way of its predecessor in interest, since 2015," and that for "five or six years Fifth Third by way of its predecessor renewed John Galt's loan/line of credit every year requiring only that John Galt and [he] submit renewal paperwork." (Dckt. #40-2 at 2).

[Fifth Third]."[3] (PSOF ¶8; Dckt. #33-2 at 13-16). Specifically, the Guaranty provided in relevant part as follows:

> **CONTINUING GUARANTEE OF PAYMENT AND PERFORMANCE.** For good and valuable consideration, [Mura] absolutely and unconditionally guarantees full and punctual payment and satisfaction of the indebtedness of [John Galt Group] to [Fifth Third], and the performance and discharge of all [John Galt Group's] obligations under the Note . . .
>
> . . .
>
> **CONTINUING GUARANTY.** This is a "continuing guaranty" under which [Mura] agrees to guarantee the full and punctual payment, performance and satisfaction of the indebtedness of [John Galt Group] to [Fifth Third], now existing or hereafter arising or acquired, on an open and continuing basis.

(Dckt. #33-2 at 13). Although defendants dispute Fifth Third's stated *reason* behind the execution of the Guaranty, defendants do not dispute that Mura executed the Guaranty. (Dckt. #11 at 3).

According to Fifth Third, it performed all conditions required of it under the Note and the Guaranty. (PSOF ¶9). Moreover, it is undisputed that defendants failed to pay all amounts due under the Note by June 1, 2023 (the "Maturity Date"). As of October 18, 2023, the amount due under the Note included a principal sum of $954.867.89 plus accrued interest of $53,765.38.[4] (*Id*. ¶10).

---

[3] The Guaranty is dated March 16, 2020, and thus was presumably executed in connection with a prior continuation of John Galt Group's line of credit. (Dckt. #33-2 at 16).

[4] In response to Fifth Third's statement of material facts, defendants did not properly admit or deny Fifth Third's assertion that money was due and owing under the Note. *See* N.D.Ill. Local Rule 56.1 ("Each response must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact."). Instead, defendants initially responded that: (1) Fifth Third "did not attempt to renegotiate or refinance" their debt (more on that later); and (2) that Fifth Third failed to properly credit defendants' payments on June 1 (and/or June 2), June 12, and July 12, 2023 (totaling $16,000). (*See* Resp. to PSOF at 4-5). However, pursuant to the parties' subsequent discussions and their joint stipulation, (Dckt. #44), defendants have since withdrawn a portion of those allegations. Defendants now allege only that they deposited $7,500 in their checking account at Fifth Third on June 12, 2023, and again on July 12, 2023 "with the expectation that the sums would be auto-debited; However, the funds were not auto-debited, withdrawn, or otherwise taken from Defendants by Fifth Third." (*Id*. at 1).

In its two-count complaint, (Dckt. #1), Fifth Third asserted claims for breach of the Note against John Galt Group and breach of the Guaranty against defendant Mura. In their answer to the complaint, (Dckt. #11), defendants admitted to the execution of the Note and the Guaranty but claimed further that Fifth Third "wrongfully refused to renew and renegotiate in good faith an extension of Defendants' line of credit." (*Id*. at 3). Defendants also asserted the following affirmative defenses: failure to account for payments made; prior material breach/frustration of purpose/prevention of performance; set-off and recoupment; unclean hands; laches, waiver and estoppel; statutes of limitation and repose; and failure to mitigate damages. (*Id*. at 6-7).

## III. ANALYSIS

Fifth Third now asserts that it is entitled to summary judgment as to both of its claims because there is no disputed issue of material fact that defendants breached the Note and the Guaranty by failing to pay all sums due by June 1, 2023. In response to the motion, defendants do not dispute that they executed the Note or the Guaranty. Instead, defendants argue that summary judgment is improper because: (1) Fifth Third's prior material breach in failing to extend the line of credit (in lieu of demanding payment) excused defendants' performance; and (2) that Fifth Third failed to properly mitigate its damages.[5] For the reasons that follow, each of these defenses fails and Fifth Third is entitled to judgment in its favor.

---

[5] Defendants also initially argued in response to the motion that they were entitled to recoupment and set-off for the payments made (on June 1 (or June 2), June 12, and July 12, 2023), which Fifth Third failed to credit. (*See* Dckt. #40 at 7-8). But, again, pursuant to the parties' subsequently filed stipulation, defendants have clarified that the June 12 and July 12 payments were deposited into their checking account but not taken by Fifth Third. (Dckt. #44). As such, any argument as to set off and recoupment of those payments is now moot. With respect to the June 1 (or June 2) payment (defendant Mura refers to both dates, *see* Dckt. #40-2 ¶¶4 & 5), there appears to be some confusion regarding exactly which payment is at issue. Fifth Third claims that it properly credited a $4,216.32 payment that defendants made on June 1, (Dckt. #45 at 5), while defendants claim that Fifth Third failed to credit a $1,000 payment made around that same date, (Dckt. 40-2 at ¶4).

5

### A. Fifth Third Presented An Unrebutted Factual Basis Showing It Is Entitled To Summary Judgment On Each Of Its Claims.

#### 1. Fifth Third has shown that defendants breached their obligations under the Note and the Guaranty.

To prevail on a breach of contract claim under Illinois law, a plaintiff must show "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010), *quoting W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill.App.Ct. 2004). To establish that Mura breached his duty as guarantor of the Note, plaintiff must "enter[ ] proof of the original indebtedness, the debtor's default, and the guarantee." *General Elec. Bus. Fin. Servs., Inc. v. Silverman*, 693 F.Supp.2d 796, 799 (N.D.Ill. 2010), *quoting Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill.App.Ct. 1985); *PNC Bank, National Association v. Milwaukee Shoes, Inc.*, No. 24-cv-1324, 2024 WL 3328158, at *3 (N.D.Ill. July 8, 2024) (same); *Fifth Third Bank (Chicago) v. Stocks*, 720 F.Supp.2d 1008, 1011 (N.D.Ill. 2010) (same).

Fifth Third has satisfied each of these elements with undisputed evidence. To begin, Fifth Third's claims for breach of the Note and the Guaranty arise out of the clear and unambiguous terms of the Note – to which Fifth Third and John Galt Group were signatories – and Mura's agreement to act as a guarantor of John Galt Group's continuing indebtedness to Fifth Third. In support, Fifth Third has submitted the Note and the Guaranty, and defendants have conceded that they executed those agreements. It is also undisputed that Fifth Third performed its obligations under the Note to the extent that it extended a $1,000,000 line of credit to John Galt Group. When John Galt Group failed to repay the amount due by June 1, 2023, it breached the Note,

6

thereby causing damages to Fifth Third. *See Merz v. Helmstetter*, No. 19-cv-07689, 2023 WL 167412, at *7 (N.D.Ill. Jan. 12, 2023) (failure to repay a loan constitutes breach).

Moreover, given John Galt Group's breach of the Note, Fifth Third need only establish that Mura guaranteed John Galt Group's repayments to Fifth Third to prevail on its claim for breach of the Guaranty. *General Elec. Bus. Fin. Servs., Inc.*, 693 F.Supp.2d at 799. Fifth Third has done so with its submission of the Guaranty, in which Mura guarantees John Galt Group's continuing debt to Fifth Third. *See PNC Bank, Nat'l Ass'n v. Milwaukee Shoes, Inc.*, No. 23-CV-1324, 2024 WL 3328158, at *3 (N.D.Ill. July 8, 2024). And, although the Guaranty was executed *before* the execution of the Note at issue, defendants have not argued that Mura's guarantee of John Galt Group's continuing debt to Fifth Third was ever revoked or has otherwise lapsed. *See generally, Phelps Dodge Corp. v. Schumacher Elec. Corp.*, 415 F.3d 665, 668 (7th Cir. 2005) ("A continuing guaranty . . . is revocable at any time by the guarantor upon notice to the obligee").

Notwithstanding that Fifth Third has supported its claims for breach of the Note and the Guaranty with undisputed evidence, defendants maintain that certain defenses preclude the Court from entering summary judgment in Fifth Third's favor. Each of those defenses falls short.[6]

---

[6] Defendants have not addressed any of their other boilerplate affirmative defenses in their response to Fifth Third's motion and they therefore cannot serve to defeat summary judgment. *See Istituto Mobiliare Italiano, S.p.A. v. Motorola, Inc.*, 689 F.Supp. 812, 819 (N.D.Ill. 1988) ("Simply reciting a boilerplate list of affirmative defenses without providing any factual analysis to support their invocation will not defeat a properly supported motion for summary judgment."); *Phoenix REO, LLC v. Shashtriji, Inc.*, No. 15 C 10697, 2019 WL 3554462, at *4 (N.D.Ill. July 29, 2019) (where "defendants offered no evidence to support their other affirmative defenses . . . , they cannot survive summary judgment.").

### 2. Fifth Third's purported "prior material breach" of its duty of good faith and fair dealing does not preclude summary judgment.

According to defendants, Fifth Third breached its duty of good faith and fair dealing when – instead of simply renewing defendants' line of credit (as had been done in the past) – it demanded full payment under the Note shortly after the June 1, 2023 Maturity Date. In defendants' view, this "prior material breach" of the duty of good faith and fair dealing might excuse its own non-performance under the Note and, at a minimum, creates an issue of fact that precludes summary judgment. The Court disagrees.

At the outset, defendants are correct that a "material breach of a contract provision by one party will justify non-performance by the other party." *Sahadi v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 706 F.2d 193, 196 (7th Cir. 1983); *see also Mohanty v. St. John Heart Clinic, S.C.*, 866 N.E.2d 85, 95 (Ill. 2006) ("Under general contract principles, a material breach of a contract provision by one party may be grounds for releasing the other party from his contractual obligations."). Defendants are also correct that Illinois courts recognize that a "duty of good faith and fair dealing" is implied in Illinois contracts. *PNC Bank, NA v. Chicago Title Land Tr. Co., Tr. to Harris Bank Barrington, N.A.*, No. 13 C 0041, 2015 WL 14074925, at *3 (N.D.Ill. Mar. 31, 2015). "This duty is a construction aid in determining the intent of the parties where an instrument is susceptible of two conflicting constructions," and generally arises "where one party to a contract is given broad discretion in performance." *Id.*, quoting *Resolution Trust Corp. v. Holtzman*, 618 N.E.2d 418, 424 (Ill.App.Ct. Dist. 1993). Moreover, "[t]he doctrine of good faith then requires the party vested with contractual discretion to exercise that discretion reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." *Resolution Trust*, 618 N.E.2d at 424; *PNC Bank*, 2015 WL 14074925, at *3.

8

Here, defendants point to the "Lender's Rights" provision of the Note, which states that "[u]pon default, [Fifth Third] *may* declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due," to argue that Fifth Third violated its duty of good faith and fair dealing by declaring a default instead of exercising its discretion (provided by the Note's use of "may" instead of "shall) *not* to declare a default. (Dckt. #40 at 4 (emphasis added)). Defendants' argument is unpersuasive, and the Court rejects it.

Under Illinois law, "'[p]arties to a contract . . . are entitled to enforce the terms of the contract to the letter and an implied covenant of good faith cannot overrule or modify the express terms of a contract.'" *PNC Bank*, 2015 WL 14074925, at *3, *quoting The Northern Trust Co. v. VIII South Mich. Assocs.*, 657 N.E.2d 1095, 1104 (Ill.App.Ct. 1995). Moreover, the implied covenant of good faith may not be used to "'read an obligation into the documents that does not exist.'" *PNC Bank*, 2015 WL 14074925, at *3, *quoting FirstMerit Bank, N.A. v. Emerald Props., L.L.C.*, No. 13 C 5961, 2014 WL 1292865, at *4 (N.D.Ill. Mar. 28, 2014); *Bank One, Springfield v. Roscetti*, 723 N.E.2d 755, 764 (Ill.App.Ct. 1999) (Covenant of good faith and fair dealing does not enable guarantor to read nonexistent obligation into contract). Consistent with these principles, "Illinois courts and federal courts applying Illinois law have long held that no breach of the duty of good faith arises" where – as here – a creditor acts upon a debt instrument's unambiguous Maturity Date. *See, e.g., Continental Bank N.A. v. Modansky*, 997 F.2d 309, 312 (7th Cir. 1993) ("expiration date was clearly set forth" and bank "did not violate its duty of good faith and fair dealing by honoring that expiration date"); *PNC Bank*, 2015 WL 14074925, at *4 (same).

Furthermore, Illinois courts have expressly rejected the proposition that the covenant of good faith and fair dealing requires lenders to exercise their contractual discretion not to declare

9

a default once the maturity date in a debt instrument has passed. *See, e.g., Resolution Trust*, 618 N.E.2d at 424. In *Resolution Trust*, defendants asserted an affirmative defense in reliance on the covenant of good faith and fair dealing alleging that the lender breached the mortgage by declaring a default despite the mortgage provisions authorizing the lender "at its option and without giving notice to extend payment or reduce payments, release any person as to any indebtedness, accept renewal notes, modify the terms of payment from time to time, take on additional security, or release any part of the encumbered property from the lien of the mortgage." *Resolution Trust*, 618 N.E.2d at 421, 424. The Illinois Appellate Court held that the mortgage provisions providing the "lender with a series of options which at its sole discretion it may wish to exercise" did not require the "lender to soften its position or its heart" and "did not repose in [the lender] the kind of discretion" that implicates the duty of good faith and fair dealing. *Id.*, at 424; *PNC Bank*, 2015 WL 14074925, at *4 (same, quoting *Resolution Trust*).

As such, defendants' argument regarding Fifth Third's purported breach of the duty of good faith and fair dealing does not preclude summary judgment.

### 3. Fifth Third's purported failure to mitigate damages does not preclude summary judgment.

Defendants contend that Fifth Third failed to properly mitigate its damages when it failed to renew the line of credit despite defendants' claims of a difficult market, and when it reported defendants' default to a credit rating agency, thereby negatively impacting defendants' ability to obtain additional funds to pay off the Note. Defendants have cited no authority in support of this novel argument, and the Court rejects it.

"Under Illinois law, mitigation of damages is an affirmative defense on which the defendant bears the burden of proof." *FirstMerit Bank*, 2014 WL 1292865, at *4, *quoting Ner Tamid Congregation of N. Town v. Krivoruchko,* 638 F.Supp.2d 913, 919 (N.D.Ill. 2009). "The

10

duty to mitigate requires the non-breaching party to exercise reasonable diligence and ordinary care in attempting to minimize its damages, . . . but does not oblige it to take steps that involve undue risk or burden." *Id.* (internal quotations and citations omitted); *see also RIV VIL, Inc. v. Tucker*, 979 F.Supp. 645, 660 (N.D.Ill. 1997), *quoting Pioneer Bank & Tr. Co. v. Seiko Sporting Goods, U.S.A. Co.*, 540 N.E.2d 808, 813 (Ill.App.Ct. 1989) ("The duty to mitigate may not be invoked by one who has breached a contract as grounds for hypercritical examination of the injured party's conduct, or as evidence that the injured party might have taken steps which seemed wiser or would have been more advantageous to the breaching party.").

      Defendants' claims of failure to mitigate here – namely that Fifth Third should have renewed the Note and not reported their default to a credit agency – are nothing more than a hypercritical examination of Fifth Third's conduct. Simply put, Fifth Third's decision to enforce its right to collect under the Note does not amount to a failure to mitigate even if defendants may have preferred that they proceeded in a manner more beneficial to them. *See PNC Equip. Fin., LLC v. Flash Limousine, Inc.*, No. 20 C 6773, 2021 WL 3142124, at *3 (N.D.Ill. July 25, 2021) (holding that plaintiff was not required to consider "the circumstances surrounding [defendant's] business and its abilities to make repayments" or to otherwise "modify the terms of the contract to make it more favorable to [defendant]."); *FirstMerit* Bank, 2014 WL 1292865, at *5 ("Defendants have not explained how the common law duty to mitigate could require FirstMerit to refinance the loan—both because of and despite Defendants' undisputed breach—where the loan documents did not so require"); *Ner Tamid Congregation,* 638 F.Supp.2d at 921 (plaintiff was not required "to renegotiate the contract and agree to terms more favorable" to the defendant); *Coppola v. Marden, Otis & Hastings Co.,* 118 N.E. 499, 500 (Ill. 1918) ("[I]t comes with an ill grace from a party who has refused to perform the agreement to demand that the other

11

party, who has not been at fault, should do something contrary to the terms of the contract to mitigate or lessen the damages.").

### 4. Fifth Third shall submit supplemental documentation of its damages.

In order to recover for a breach of contract, a plaintiff must establish damages as well as a "reasonable basis for computation of those damages." *TAS Distributing Co. v. Cummins Engine Co.*, 491 F.3d 625, 632 (7th Cir. 2007), *quoting Ellens v. Chicago Area Off. Fed. Credit Union*, 576 N.E.2d 263, 267 (Ill.App.Ct. 1991). It is plaintiff's burden to prove those damages "to a reasonable degree of certainty." *Tas Distributing Co.*, 491 F.3d at 632 (collecting Illinois caselaw).

Here, although Fifth Third has indisputably sustained damages on account of defendants' actions, (Dckt. #33-1 at 4-5), it has not yet established the appropriate amount of its damages to a reasonable degree of certainty. To begin, Fifth Third's most recent calculation reflecting the amount of principal and interest due under the Note is from October 2023. (*Id.*). Moreover, Fifth Third has not yet submitted an affidavit reflecting its attorney's fees and costs – which are recoverable here under the plain language of the Note and Guaranty. (*See* Dckt. #33-2 at 10, 15); *One Way Apostolic Church v. Extra Space Storage, Inc.*, No. 16 C 1132, 2019 WL 10892090, at *3 (N.D.Ill. Mar. 25, 2019) (attorney's fees are available under Illinois law "where the parties have contracted for an award of fees").

Given this, the parties shall meet and confer regarding the total amount due (with consideration to the one possibly uncredited payment, *see supra* at n.5) in a good faith effort to come to agreement regarding the total amount due. If the parties reach an agreement, they shall promptly submit a proposed judgment order to the Court's proposed order inbox (proposed_order_cummings@ilnd.uscourts.gov). If the parties cannot reach agreement, Fifth

Third shall submit its supplemental documentation reflecting the current amount due under the Note along with its attorney's fees and costs by September 13, 2024. Any objections thereto shall be filed by defendants on or before September 20, 2024, and the Court will thereafter enter judgment in an appropriate amount.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment, (Dckt. #33), is granted.

**DATE: August 30, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**